IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOSHUA OVERCASH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEVIN AUTEN, individually and in his ) <br> official capacity as Sheriff of Rowan County, ) <br> JOHN DOE CORPORATION, in its ) <br> capacity as Surety on the Official Bond of the ) <br> Sheriff of Rowan County, and DOE ) <br> DEPUTIES 1-3, individually and in their ) <br> official capacities as deputies of the Rowan ) <br> County Sheriff's Department, ) <br> ) <br> Defendants. ) | 1:22CV1061 |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Plaintiff Joshua Overcash alleges that certain officers of the Rowan County Sheriff's Office assaulted him during a wedding in Salisbury, North Carolina. (*See* ECF No. 1 ¶¶ 14–32.) Based on this incident, Plaintiff has brought a federal claim under 42 U.S.C. § 1983 for violations of his constitutional rights, (*id.* ¶¶ 33–57), as well as state law claims for assault and battery, false arrest and illegal imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring, training, and/or supervision, (*id.* ¶¶ 58–99). This matter is now before the Court on Defendant Kevin Auten's unopposed Motion for Judgment on the Pleadings made pursuant to Rule 12(c). (ECF No. 8.)

Defendant Auten, formerly the Sheriff of Rowan County, in his motion specifically requests that this Court dismiss with prejudice "the Plaintiff's Section 1983 claim against him

(in both his individual and official capacities) and any and all pendent state law tort claims asserted against him in his individual capacity." (ECF No. 8 at 2.) Defendant Auten argues that the § 1983 claim against him in his official capacity must be dismissed because it is premised on a *respondeat superior* theory despite settled law that such claims cannot rely on *respondeat superior*. (ECF No. 9 at 7 (collecting cases)); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Defendant Auten further argues that to the extent that Plaintiff brings the § 1983 claim against him in his individual capacity, this claim fails because the Complaint does not allege that Defendant Auten was personally involved in any of the events giving rise alleged to this action. (ECF No. 9 at 8–10.) Finally, Defendant Auten argues that all the other claims against him in his individual capacity fail because: (1) there are no allegations in the Complaint that he was personally involved in the alleged assault; (2) close examination of the Plaintiff's individual counts listed in the Complaint shows that all of them specify that he is being sued only in his official capacity, despite Plaintiff having captioned this case as against him in both his individual and official capacity; and (3) he enjoys public officer's immunity from the state law claims. (*Id.* at 11–13.)

Plaintiff has filed a response to Defendant Auten's motion stating that "Plaintiff does not submit opposition to [the motion] with respect to relief sought regarding Plaintiff's Section 1983 claim and state law claims asserted against him in his individual capacity."[1] (ECF No. 12 at 1 (emphasis removed).)

---

[1] "[A] large number of courts . . . including this Court . . . have recognized the general principle that a party who fails to address an issue has conceded the issue." *Kinetic Concepts, Inc. v. Convatec Inc.*, No. 08-CV-918, 2010 WL 1667285, at *8 (M.D.N.C. Apr. 23, 2010); *see also Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) ("Once [the plaintiff] failed to [respond to the motion to dismiss], [the court] was entitled . . . to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted therein.").

Having reviewed the Complaint, the Court finds that the § 1983 claim against Defendant Auten in his official capacity is based on the doctrine of *respondeat superior*. The Court therefore concludes that Defendant Auten is entitled to judgment as a matter of law because the Supreme Court has held that § 1983 claims cannot be based on *respondeat superior*. *See Monell*, 436 U.S. at 691. The Court further concludes that Defendant Auten is entitled to judgment as a matter of law with respect to the § 1983 claim against him in his individual capacity because the Complaint does not allege that he had any personal involvement in the events giving rise to this action. Finally, the Court concludes that to the extent that Plaintiff asserts individual capacity state law claims against Defendant Auten, he is entitled to judgment as a matter of law because such claims are barred by public officer's immunity.

For the reasons stated herein, the Court enters the following:

**ORDER**

**IT IS THEREFORE ORDERED** that Defendant Kevin Auten's Motion for Judgment on the Pleadings, (ECF No. 8), is **GRANTED.** Plaintiff's 42 U.S.C. § 1983 claim against Defendant Auten in his individual and his official capacity is **DISMISSED.** Further all remaining claims against Defendant Auten in his individual capacity are likewise **DISMISSED.**

This, the 1st day of June 2023.

/s/Loretta C. Biggs
United States District Judge